IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| FORREST CITY ADVERTISING AND PROMOTION COMMISSION; WILLIAM ELLIS; MATT TOWNSEND, AND KEM MERRELL; | * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | No. 2:07CV00072 SWW |
| CITY OF FORREST CITY; ET AL., | * * | |
| Defendants. | * * | |

**Memorandum Opinion and Order**

Before the Court is defendants' motion to dissolve the restraining order entered in this matter prior to its removal to federal court. Plaintiffs responded in opposition to the motion. For the reasons stated below, the Court remands this action to state court.

**Background**

In their complaint for declaratory judgment, plaintiffs allege that on April 10, 2007, Mayor Gordon McCoy asked the Forrest City Advertising and Promotions Commission ("Commission") to submit to the City Council of Forrest City ( "City Council") for approval names of persons to serve on the Commission. The Commission appointed two people, Bill Ellis and Rob Gray, and an alternate, Tommy Stewmon, and sent their names to the City Council for approval. The City Council approved Gray but not Ellis or Stewmon. On or about May 1, 2007, the City Council enacted Ordinance No. 1822, which removed plaintiffs Kem Merrell, Matt

Townsend, and Bill Ellis from their positions on the Commission.

Plaintiffs filed a complaint in St. Francis County Circuit Court on May 16, 2007, alleging the Ordinance is an illegal enactment and unconstitutional because the individual plaintiffs did not receive notice, an opportunity to be heard, or reasons for their removal. They also allege the City Council acted in an arbitrary and capricious manner in declining to approve members appointed by the Commission. The state court held a hearing on May 29, 2007, on plaintiffs' request for a temporary restraining order, and on May 31, 2007, the state court judge issued a letter opinion, granting a temporary restraining order. On June 5, 2007, defendants removed the case to federal court on the basis that plaintiffs set forth a claim under the 14th Amendment to the United States Constitution.

On June 18, 2007, defendants filed a counterclaim, asserting that Merrell, Townsend, and Ellis are ineligible under state law to serve on the Commission, and that the Commission violated the Arkansas Constitution when its members hired an attorney to file this lawsuit. On June 28, 2007, defendants filed the pending motion to dissolve the restraining order issued by the state court.

**Discussion**

In 1989, the City Council, pursuant to the Advertising and Promotion Commission Act, codified at Ark. Code Ann. § 26-75-601 *et seq.*, passed an ordinance establishing the Commission. *See* docket entry 17, Ex. A. On May 2, 2007, the City Council passed Ordinance No. 1822, which reads as follows:

> An Ordinance removing certain commissioners from the Forrest City Advertising and Promotion Commission and declaring vacancies.
>
> Whereas, pursuant to Arkansas Code Annotated § 14-42-109(a)(2), the City

> Council may provide for the removal of any appointive officer, including the Advertising and Promotion Commission members; and
>
> Whereas, The City Council of Forrest City, Arkansas, has determined that certain members of the Forrest City Advertising and Promotion Commission do not meet the necessary qualifications pursuant to Arkansas Law to continue serving on said Commission.
>
> Now, therefore, be it ordained by the City Council of the City of Forrest City, Arkansas:
>
> Section 1. That Kem Merrell, Matt Townsend and Bill Ellis are hereby removed as commissioners on the Forrest City Advertising and Promotion Commission.
>
> Section 2. That their positions are declared vacant to be filled in accordance with Arkansas law.

Plaintiffs state Merrell, Townsend, and Ellis were appointed by the Commission and approved by the City Council pursuant to Ark. Code Ann. § 26-75-605(c) and (d), and the City Council "should be estopped from attempting to remove the named Commissioners and the City Council and its members are guilty of laches and should not under the circumstances be entitled to remove said Commissioners." Compl. at ¶ 12. Plaintiffs further allege the City Council had no authority to remove the commissioners, and that the Ordinance does not comply with the statute cited in the Ordinance.

Ark. Code Ann. § 14-42-109 (a)(2) (Michie Repl.1998) provides: "The council of any city or incorporated town may provide, by proper ordinance, for the removal of any appointive officer upon a majority vote of the council." Plaintiffs argue Ordinance No. 1822 is not a proper ordinance because it does not provide notice and denies plaintiffs equal protection and due process. This argument seems to be based on sections of the statute regarding the removal of elected officers and providing for a hearing in the event such officer is deemed guilty of nonfeasance in office. *See* Ark. Code Ann. §14-42-109(a)(1)(A) and (B). Plaintiffs argue the

3

Ordinance passed by the City Council is unconstitutional because it "fails to provide equal protection to the Commissioners as opposed to other public officials" and because it "violates Article II of the Arkansas Constitution and the 14th Amendment to the United States of America Constitution." Compl. at 14.

In their counterclaim, and in support of their motion to dissolve the restraining order, defendants assert the removed commissioners do not meet the qualifications set forth in Ark. Code Ann. § 26-75-605 to serve on the Commission, and that Ark. Code Ann. § 26-75-601 *et seq.* contains no provision that would allow individual commissioners to hire an attorney and to pay the attorney out of Commission taxes to represent them in a claim against the City Council. In response to the motion, plaintiffs assert § 14-42-109 does not give the City Council authority to remove Commission members because they are appointed by the Commission not by the City Council. Plaintiffs repeat their argument that the Ordinance was not a "proper" ordinance because it did not provide for due process or equal protection. In response to defendants' contention that Townsend and Merrell are not qualified to serve on the Commission because they do not reside in Forrest City, plaintiffs cite Ark. Code Ann. § 26-75-605 (a)(4), which provides that a city may provide by ordinance that the owner or manager may reside outside the city but within the county in which the city is located, and Ordinance No. 1550 does not require that commissioners live within the city limits. They further assert defendants are estopped from challenging the individual plaintiffs' eligibility because plaintiffs have served on the Commission for over eighteen years with the City Council's approval.

"The existence of jurisdiction usually compels its exercise. The Supreme Court has noted a 'virtually unflagging obligation' on the part of federal courts to exercise their

jurisdiction." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.,* 259 F.3d 949, 952 (8th Cir. 2001). The Supreme Court has, however, identified certain circumstances in which federal courts must abstain and refuse to decide cases that are properly within their jurisdiction.

> We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding, *see Younger v. Harris*, 401 U.S. 37 (1971), or with certain types of state civil proceedings, *see Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975); *Juidice v. Vail,* 430 U.S. 327 (1977); cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law, *see Railroad Comm'n of Tex. v. Pullman Co.,* 312 U.S. 496 (1941); cases raising issues 'intimately involved with [the States'] sovereign prerogative,' the proper adjudication of which might be impaired by unsettled questions of state law, *see Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 28 (1959); *id.,* at 31 (Stewart, J., concurring); cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes, see *Great Lakes Dredge & Dock Co.* v. *Huffman,* 319 U.S. 293 (1943); and cases which are duplicative of a pending state proceeding, see *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976); *Pennsylvania v. Williams,* 294 U.S. 176 (1935).

*Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716-17 (1996). *See also Burford v. Sun Oil Co.,* 319 U.S. 315 (1943)(permitting abstention because of complex state administrative procedures).

In *Railroad Comm'n of Texas v. Pullman Co.,* the Supreme Court explained the principle underlying the abstention doctrines:

> The history of equity jurisdiction is the history of regard for public consequences in employing the extraordinary remedy of the injunction. There have been as many and as variegated applications of this supple principle as the situations that have brought it into play. Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies, whether the policy relates to the enforcement of the criminal law, or the administration of a specialized scheme for liquidating embarrassed business enterprises, or the final authority of a state court to interpret doubtful regulatory laws of the state. These cases reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion,' restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary. This use of equitable powers is a contribution of the courts in furthering the harmonious

> relation between state and federal authority without the need of rigorous
> congressional restriction of those powers.

312 U.S. 496, 500-01 (1941)(citations omitted).

> The exercise of the equity discretion of the federal courts
>
> must reflect 'principles of federalism and comity.' Ultimately, what is at stake is a federal court's decision, based on a careful consideration of the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action,' that the State's interests are paramount and that a dispute would best be adjudicated in a state forum. This equitable decision balances the strong federal interest in having certain classes of cases, and certain federal rights, adjudicated in federal court, against the State's interests in maintaining 'uniformity in the treatment of an 'essentially local problem,'' and retaining local control over 'difficult questions of state law bearing on policy problems of substantial public import.' This balance only rarely favors abstention, and the power to dismiss recognized in *Burford* represents an " 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'

*Quackenbush,* 517 U.S. at 728 (citations omitted).

Federal courts have the power to dismiss or remand based on abstention principles where the relief sought is equitable or otherwise discretionary. *See Quackenbush,* 517 U.S. at 707; *Silverman v. Silverman,* 267 F.3d 788, 792 (8th Cir. 2001). Further, courts may raise the appropriateness of abstention *sua sponte. Robinson v. City of Omaha,* 866 F.2d 1042 (8th Cir. 1989). Recognizing its 'virtually unflagging obligation' to exercise jurisdiction, and its power to decline to exercise jurisdiction in exceptional circumstances, the Court finds it appropriate to invoke the principles of abstention in this case.

The *Pullman* abstention doctrine counsels restraint in the use of federal judicial resources "when the case involves a potentially controlling issue of state law that is unclear, and the decision of this issue by the state courts could avoid or materially alter the need for a decision on federal constitutional grounds." *Robinson,* 866 F.2d at 1043 (internal quotation omitted).

"*Pullman* abstention requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations." *Beavers v. Arkansas State Bd. of Dental Examiners,* 151 F.3d 838, 841 (8th Cir. 1998). "Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication." *Harman v. Forssenius,* 380 U.S. 528, 534 (1965). "The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." *Id.*

The Court finds it is appropriate to remand this case based on *Pullman* abstention principles.[1] It is clear from the proceedings that the issues in this case involve the interpretation of state laws, and those laws are susceptible to an interpretation that would avoid any federal constitutional question. The Arkansas courts fairly may determine that the City Council exceeded its statutory authority, that the Commission members were unqualified under state law to serve, or that the Commission lacks authority to use tax funds to hire an attorney to prosecute this action, thereby obviating federal constitutional inquiry. Remanding the case to state court

---

[1] Abstention under the *Pullman* doctrine contemplates retention of jurisdiction over the federal claims, pending the disposition of state law issues in the state proceedings. *See Coley v. Clinton,* 635 F.2d 1364 (8th Cir. 1980). However, "when a district court remands a case which has been removed to state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on federal court's docket." *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 714 (1996).

will not affect the rights plaintiffs seek to have protected and will avoid unnecessary federal involvement in state operations.

## Conclusion

IT IS THEREFORE ORDERED that this case be and is hereby remanded to state court.

DATED this 1st day of August 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE
